UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| EL-TAIHEED BRANT, | Civil Action No. 14-6144 (JLL) |
| Petitioner, | |
| v. | **MEMORANDUM ORDER** |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

The Court having reviewed Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (ECF No. 1), and it appearing that:

1. On April 14, 2015, Respondent filed a letter requesting that this petition be dismissed as moot because "the Petition solely sought and challenged Mr. Brant's ability to acquire [a supervised release] revocation hearing" and a "sentencing hearing for Mr. Brant has . . . been scheduled for 11:00 a.m. on May 21, 2015." (ECF No. 9).

2. Construing the petition liberally as Petitioner has filed *pro se, see Mala v. Crown Bay Marina Inc.*, 704 F.3d 239, 244 (3d Cir. 2013) (the obligation to liberally construe *pro se* pleadings is well established), Petitioner seeks not a revocation hearing, but rather "[a]n ORDER . . . dismissing Revocation and lifting [the] Detainer for [Petitioner's supervised release] Violation." (ECF No. 1 at 5).

3. As Petitioner seems to be asserting that the onset of revocation proceedings against him is untimely, and therefore that those proceedings should be dismissed, his petition would not be

1

moot simply because a sentencing hearing on that revocation is to be held on May 21.[1]

IT IS THEREFORE on this ___15___ day of April, 2015,

ORDERED that Respondent's request that this petition be dismissed as moot is DENIED; and it is further

ORDERED that Respondent shall file its full and complete answer to this petition within 45 days of this order; and it is further

ORDERED that Petitioner may file and serve a reply in support of the petition within 30 days after that answer is filed; and it is further

ORDERED that the Clerk of the Court shall serve a copy of this Order on the Government electronically and on Plaintiff by regular U.S. mail.

_____
Jose L. Linares, U.S.D.J.

---

[1] This Court recognizes, however, that the May 21 sentencing proceedings, in so much as they will determine Petitioner's sentence for his supervised release violation, may themselves moot this petition.